### DAVIS v. STATE. (No. 9643.)

(Court of Criminal Appeals of Texas. Dec. 9, 1925. Rehearing Denied Jan. 20, 1926.)

1. **Criminal law ⚖═➤398(1)—Testimony as to finding of defendant within a few steps of still held not objectionable as secondary.**

In prosecution for manufacture of liquor, testimony by sheriff that he found defendant in a few steps of a still which was making whisky is not objectionable as secondary evidence.

2. **Criminal law ⚖═➤398(1)—Testimony that stuff pouring from barrel was whisky judging by its smell held not objectionable as secondary.**

In prosecution for manufacture of liquor, testimony by a witness who had seen a great deal of whisky, that by smell he could tell that stuff pouring out of barrel was whisky, was not objectionable as secondary evidence.

3. **Criminal law ⚖═➤398(1)—Testimony that liquid was whisky, judging by taste, held not objectionable as secondary.**

In prosecution for manufacture of liquor, testimony by witness that he examined and tasted liquid running out of coil, and that in his opinion it was whisky, was not objectionable as secondary evidence.

Appeal from District Court, Somervell County; I. T. Ward, Judge.

Dan Davis was convicted of unlawfully manufacturing intoxicating liquor, and he appeals. Affirmed.

Troy Deason, of Glen Rose, for appellant.
Sam D. Stinson, State's Atty., of Austin, and Nat Gentry, Jr., Asst. State's Atty., of Tyler, for the State.

LATTIMORE, J. From a conviction in the district court of Somervell county for unlawfully manufacturing intoxicating liquor, with punishment fixed at one year in the penitentiary, this appeal is taken.

The facts seem amply sufficient to show appellant to have been engaged in the manufacture of intoxicating liquor. Officers testified to finding him actually engaged in such manufacture.

[1-3] There are four bills of exception in the record. The first complains that the sheriff was permitted to testify that he found appellant in 10 or 15 steps of a still which was making whisky, and that there were several containers of the liquid. This was objected to on the ground that it was secondary and not the best evidence. We find nothing in the complaint. The second bill of exceptions is to the testimony of witness McAllister that the stuff that was pouring out of the barrel into the fruit jar was whisky. Witness said he had seen a great deal of corn whisky, knew it when he saw it, or smelled it or tasted it. From smelling it, it was his absolute opinion that it was corn whisky. The objection to this seems without merit. The third bill of exceptions was to the testimony of witness Wood, who said that he examined the liquid running out of the coil, and that in his opinion it was whisky; that it was white; and that he tasted it; and that in his judgment it was whisky. There was nothing in the objection that this was secondary evidence. The remaining exception was to the refusal of a peremptory instruction of not guilty. We do not think this needs any discussion. The testimony overwhelmingly supported the conclusion of guilt.

Finding no error in the record, the judgment will be affirmed.

### On Motion for Rehearing.

Appellant again insists that the state's testimony consisted of "secondary evidence."

We cannot agree in any particular with this contention. There is no semblance of secondary evidence in the testimony of one who states that he found the accused in a few steps of a still which was in operation making whisky, and near which were several containers with whisky in them. Nor is there any element of secondary evidence in the testimony of a witness who says that he saw the whisky coming out of the still, knows' whisky when he sees, smells, or tastes it, and that the liquor seen by him was whisky.

The motion for rehearing will be overruled.